**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ABDIAS L.B.G., | ) | NO. CV 19-822-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| ANDREW SAUL, Commissioner of Social Security, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On February 4, 2019, Plaintiff filed a Complaint seeking review of the Commissioner's denial of disability benefits. On February 22, 2019, the parties consented to a Magistrate Judge. On June 11, 2019, Plaintiff filed a motion for summary judgment. On July 11, 2019,

Defendant filed a motion for summary judgment. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed February 6, 2019.

**BACKGROUND**

Plaintiff asserts disability based on a combination of alleged impairments (Administrative Record ("A.R.") 38-41, 195). The Administrative Law Judge ("ALJ") found Plaintiff suffers from severe impairments which preclude the performance of Plaintiff's past relevant work (A.R. 23-26). The ALJ purported to find that Plaintiff retains a residual functional capacity "to perform light work as defined in 20 C.F.R. 416.967(b)" (A.R. 23-24). However, the ALJ also determined that Plaintiff can stand or walk only two hours in an eight hour day and requires an assistive device to ambulate (A.R. 23-24, 26). These restrictions effectively limit Plaintiff to sedentary work (A.R. 44 (ALJ conceding that Plaintiff's residual functional capacity equates to a capacity for only sedentary work because a person limited to standing and walking two hours a day "cannot do light work")).

The ALJ further determined that Plaintiff, who had only a sixth grade education in Guatemala, "is not able to communicate in English, and is considered . . . illiterate in English" under 20 C.F.R. 416.964[1] (A.R. 26, 36-37; but see A.R. 26 (Plaintiff "does speak some English")). The ALJ stated that Plaintiff had acquired transferable work skills from his past relevant work as an automobile salesperson

---

[1] Illiteracy is "the inability to read or write." 20 C.F.R. § 416.964(b)(1).

2

(A.R. 26). The ALJ also stated that Plaintiff could make the vocational adjustment to perform the sedentary job of telephone solicitor, and the ALJ concluded that Plaintiff is not disabled (A.R. 27-28 (adopting vocational expert's testimony at A.R. 40-45 over the contrary opinion of Plaintiff's expert at A.R. 236-44)).

Before reaching this conclusion of nondisability, the ALJ did not inquire of the vocational expert whether an illiterate person who cannot communicate in English can perform the job of telephone solicitor. The ALJ implicitly rejected the argument of Plaintiff's counsel that Plaintiff would not be able to adjust to the job of telephone solicitor due in part to Plaintiff's "limited ability to speak English." See A.R. 41, 50-51 (counsel making argument and ALJ taking argument under advisement).

The ALJ observed that Plaintiff testified at the hearing "with the assistance of a Spanish interpreter" (A.R. 21).[2] Plaintiff testified that, when he was an automobile salesperson, he had sold cars only to people who spoke Spanish (A.R. 38). According to Plaintiff, he then had tried to sell cars to English speakers, "but they wouldn't buy" (A.R. 38). Nevertheless, the ALJ found Plaintiff could perform a job requiring the telephone solicitation of English speakers (A.R. 27-28). The Appeals Council denied review (A.R. 1-3).
///

---

[2] Several notations in the record indicate that Plaintiff also had the assistance of a Spanish language interpreter during medical evaluations (A.R. 249, 256, 300, 351, 360, 407, 411, 463).

3

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///
///
///
///

## DISCUSSION

The ALJ erred by failing properly to consider the limitations of illiteracy and inability to communicate in English in relation to the job of telephone solicitor. Remand is appropriate.

Where, as here, a claimant is 55 years of age or older, "[i]n order to find transferability of skills to skilled sedentary work . . . there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. pt. 404, Subpt P, App. 2, § 200.00(f); accord 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4) (the sedentary work must be "so similar to your previous work that you would need to make very little, if any, vocational adjustment"). In the present case, the ALJ relied on vocational expert testimony to find that Plaintiff supposedly would require very little vocational adjustment from his prior work as an automobile salesperson to perform sedentary work as a telephone solicitor. Neither the ALJ nor the vocational expert expressly considered whether Plaintiff's English language limitations would affect the transferability of skills or otherwise impact on Plaintiff's ability to perform the job of telephone solicitor. This
///
///
///
///
///
///
///

was error.[3]

The Dictionary of Occupational Titles ("DOT") provides that a telephone solicitor must be able to "[s]peak before an audience with poise, voice control, and confidence, <u>using correct English</u>" and "<u>[w]rite reports and essays</u> . . . using all parts of speech." See DOT 299.357-014 (noting job has a Language Level 3 requirement) (emphasis added). In the present case, the hypothetical questions the ALJ posed to the vocational expert did not include any English language limitation (A.R. 41-42).

Where a hypothetical question fails to include all of the claimant's limitations, the vocational expert's answer to the question cannot constitute substantial evidence to support an ALJ's decision. See, e.g., <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 850 (9th Cir. 1991); <u>Gamer v. Secretary</u>, 815 F.2d 1275, 1280 (9th Cir. 1987); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1456 (9th Cir. 1984). The ALJ's general reference to Plaintiff's "education" did not suffice to include Plaintiff's language limitations in the hypothetical questions posed to the vocational expert. See, e.g., <u>Kim v. Berryhill</u>, 2018 WL 626206, at *7 (C.D. Cal. Jan. 30, 2018) (ALJ's general reference to the claimant's "educational background," while omitting any reference to the claimant's limited language skills, did not make hypothetical

---

[3] The error was potentially material. If the ALJ had found that Plaintiff has no transferrable skills from his automobile salesperson job, Plaintiff would be deemed disabled under the Grids. See 20 C.F.R. Pt. 404, Subpt. P. App. 2 ("Grids") §§ 202.02, 202.03; see also <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1157 (9th Cir. 1989) (a conclusion of disability, directed by the Grids, is irrebuttable).

questions sufficient).  Nor could the ALJ's error be nullified by the vocational expert's possible awareness that Plaintiff was being assisted by a Spanish language interpreter at the hearing.  See, e.g., Amezcua v. Berryhill, 2017 WL 3253491, at *7 (C.D. Cal. July 31, 2017) (where ALJ failed to pose hypothetical questions to vocational expert accurately reflecting all of the claimant's relevant characteristics, "it does not become the [vocational expert's] burden to correct the ALJ and utilize characteristics that the [vocational expert] observes at the hearing," i.e., the use of an interpreter).

A proper hypothetical question adding an inability "to communicate in English" may well have elicited a response from the vocational expert that the hypothetical claimant could not work as a telephone solicitor.  See DOT 299.357-014.  Such question also may very well have elicited a response that Plaintiff did not have skills that would transfer to the telephone solicitor job.  See Cooley v. Colvin, 2015 WL 1457974, at *6 n.5 (C.D. Cal. March 30, 2015) ("customer service sales skills" acquired in restaurant work by a claimant "closely approaching advanced age" could not transfer to a telemarketer job because the telemarketer job would require "vocational adjustments 'in terms of tools, work process, work settings [and] industry'") (citations omitted).

The ALJ also erred by invoking DOT 299.357-014 without sufficient explanation regarding the conflict between the information in the DOT and the limitations the ALJ found to exist.  When, as here, the job requirements set forth in the DOT conflict with the claimant's limitations, the ALJ must "definitively explain this deviation."

7

Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (ALJ erred in failing to address the impact of claimant's illiteracy on claimant's ability to perform a particular job). Here, the ALJ made no attempt to explain the deviation from the DOT's language requirements. Rather, the ALJ stated that the information in the DOT was "consistent" with the vocational expert's testimony, despite the fact that the ALJ never asked the vocational expert if a person who "is not able to communicate in English" could work as a telephone solicitor (A.R. 27).

In attempted avoidance of the conclusion that the ALJ erred, Defendant argues that: (1) Plaintiff allegedly waived any language issue by supposedly failing to argue the issue before the Administration; (2) Plaintiff allegedly "did not need a translator at the administrative hearing"; and (3) according to the DOT, the automobile salesperson job requires a language ability level of four, whereas the telephone solicitor job requires a language ability level of three. See Defendant's Motion, p. 2. As discussed below, these arguments do not alter the Court's conclusion.

First, as noted above, Plaintiff's counsel did argue to the ALJ that Plaintiff's limited ability to speak English impacted whether Plaintiff could adjust to the job of telephone solicitor (A.R. 50-51). Counsel also argued to the Appeals Council that Plaintiff did not have the language ability to perform the job of telephone solicitor (A.R. 246). No waiver occurred. In any event, the Administration has an unwaivable duty to reconcile apparent conflicts between the DOT and vocational expert testimony. See Lamear v. Berryhill, 865 F.3d 1201,

1206 (9th Cir. 2017).

Second, the transcript of the administrative hearing reflects that "Mr. Conception was duly sworn to act as interpreter" (A.R. 21). The ALJ acknowledged that Plaintiff "testified with the assistance of a Spanish interpreter" (A.R. 36). Thus, the record does not support Defendant's argument regarding a supposed lack of need for translation.

Third, while the DOT provides descriptions for how jobs are usually performed in the national economy, the record suggests that Plaintiff's automobile salesperson job as actually performed was essentially confined to Spanish speaking customers (A.R. 38). Indeed, Plaintiff testified he had not succeeded in selling any automobiles to non-Spanish speaking customers (id.). Thus, the DOT's description of how automobile salesperson jobs usually are performed is inapposite to the issues herein.

The Court is unable to deem the errors in the present case to have been harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error"); see also Kim v. Berryhill, 2018 WL 626206, at *7 (ALJ's failure to resolve apparent conflict between claimant's English language abilities and

vocational expert's testimony that the claimant could perform work that required a Language Level 4 – where record showed that claimant's past relevant work as actually performed was at a store where she could speak to customers and employees in Korean – could not be deemed harmless because vocational expert's testimony left unresolved potential inconsistencies in the evidence) (citation omitted).

The circumstances of this case suggest that further administrative review could remedy the ALJ's error. Therefore, remand is appropriate. See McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Leon v. Berryhill, 880 F.3d 1041, 1044 (9th Cir. 2018) ("an automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule"); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"). There remain significant unanswered questions in the present record relating to the transferability of skills from Plaintiff's past relevant work and Plaintiff's ability to

perform the telephone solicitor job.

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 9, 2019.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.